UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

KELLY OSARIEMEN,

      Plaintiff,

-v-

                                    17-cv-6821L
                                    ORDER

U.S. IMMIGRATION, CLOVERHILL, BUFFALO FED. DET. FACILITY, AIG COMPANY DIVISION, ARYZTA CORPORATE, and CHARTIS CLAIMS, INC.,

      Defendants.

———————————————————

    *Pro se* Plaintiff Kelly Osariemen is a civil immigration detainee confined at the Buffalo Federal Detention Facility ("BFDF"). He has filed a Third Amended Complaint asserting claims purportedly under 42 U.S.C. § 1983, alleging that his Fourteenth Amendment rights were violated when Defendants provided him with unsafe and/or expired food products that caused a stomach infection. Docket Item 13, p. 5. Additionally, Plaintiff has submitted applications to proceed *in forma pauperis*. Docket Items 2, 4, and 8.

    Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court must screen the Third Amended Complaint. For the reasons set forth below, the Third Amended Complaint is dismissed without leave to amend.

## DISCUSSION

I. **Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action under this section if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2)(B). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A. **The Third Amended Complaint**

In evaluating the Third Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (finding that "even after *Twombly*, dismissal of

2

a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

### B.   *Bivens* Claims

A valid claim under 42 U.S.C. § 1983 requires allegations that the challenged conduct (1) was attributable to a person acting *under color of state law*, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (emphasis added) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Although Plaintiff attempts to bring this action under § 1983 here, he appears to be suing a federal agency and privately-owned companies. Defendants are therefore not deemed to be acting under color of state law. *See* 42 U.S.C. § 1983 (1993). In view of Plaintiff's *pro se* status, the Court will liberally construe his § 1983 Complaint as an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971). *See Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995). In order to state a valid claim under *Bivens*, Plaintiff must allege "that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft,* 470 F.3d 491, 496 (2d Cir. 2006).

To establish liability under *Bivens*, a plaintiff must allege the defendant's personal involvement in the alleged constitutional violation. *See Thomas*, 470 F.3d at 496-97 (citing *Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir.1981) (stating that *respondeat superior*

3

generally does not apply in *Bivens* actions); *Black v. United States*, 534 F.2d 524, 527–28 (2d Cir.1976) (concluding that Bivens claims, like suits under § 1983, must allege direct and personal responsibility for the unlawful conduct of subordinates).

## II. Plaintiff's Allegations

Plaintiff specifically alleges that an "Aryzta employee made an error at the manufacturing bakery," causing "an incorrect print or date on the . . . food product (Danish cheese)." Docket Item 13 at 5. Plaintiff was unable to "verify the expiration date" and has been in "constant pain" since consuming this product. He was subsequently diagnosed with a "stomach infection for eating unsafe food." *Id*. He was served expired food on two more occasions. *Id*. at 6.

## III. Immunity to Suit

Plaintiff's claims against the Buffalo Federal Detention Facility and "U.S. Immigration" are subject to dismissal because the federal government and its agencies are immune from suit absent a waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Supreme Court has specifically declined to waive such immunity to allow a claim against a federal agency under *Bivens*. *Id*. at 486. Therefore, Plaintiff's claims against the Buffalo Federal Detention Facility and U.S. Immigration must be dismissed with prejudice.

With respect to Aryzata Corporation, Cloverhill Bakery, AIG Company Division, and Chartis Claims, Inc, as well as AGS, who is mentioned in Third Amended Complaint but not named in the Caption, there is nothing in the pleadings to suggest that these companies were acting under the cover of federal law or are subject to suit, in any way, under *Bivens*. In *Corr. Servs. Corp. v. Malesko*, the Supreme Court declined to extend

*Bivens* to confer a right of action for damages against a private company acting under color of federal law. 534 U.S. 61, 74 (2001); *see also Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (a federal prisoner seeking damages from employees of a privately-operated federal prison, where the challenged conduct is "of a kind that typically falls within the scope of traditional state tort law[,] . . . is not entitled to a *Bivens* remedy"). "[N]umerous district courts have dismissed *Bivens* claims asserted against private entities," *Young v. Tryon,* No. 12-CV-6251CJS, 2015 WL 309431, at *8 (W.D.N.Y. Jan. 23, 2015), report and recommendation adopted, No. 12-CV-6251-CJS-MWP, 2015 WL 554807 (W.D.N.Y. Feb. 11, 2015) (collecting cases), including claims for inadequate medical treatment asserted against "private companies that contracted with the federal government to provide services to federal inmates." *El-Hanafi v. United States*, 40 F. Supp. 3d 358, 363 (S.D.N.Y. 2014).

Moreover, the Court finds that a liberal reading of the Third Amended Complaint reveals no cognizable constitutional claim against any of the named Defendants, even assuming, *arguendo,* that they were subject to suit under *Bivens*. Plaintiff alleges only that, in September 2017, he was sickened after a corporate "employee made an error at the manufacturing bakery" and that he was "unable to verify the expiration date" of the pastry that he consumed. Docket Item 13 at 5. He alleges that he was also served expired food in February and September 2017.

To state a valid claim, a detainee must allege (1) that the challenged "conditions either alone or in combination, pose an unreasonable risk of serious damage to his health," *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks omitted), and (2) "deliberate indifference" on the part of Defendants, which "it may

5

generally be presumed from an absence of reasonable care." *Young*, 2015 WL 309431, at *9. There is no allegation in this case that Defendants either acted with the requisite deliberate indifference or failed to provide reasonable care. At most, Plaintiff's allegations assert a claim of negligence, which is not actionable under *Bivens*. *See Kingsley v. Hendrickson*, __ U.S. __, 135 S.Ct. 2466, 2472 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.") (internal quotation marks omitted).

Consequently, while a *pro se* plaintiff would generally be given the opportunity to amend his pleadings prior to dismissal, it is clear that any amendment here would be futile. Plaintiff has failed to state a constitution violation and, in any event, none of the remaining Defendants are subject to suit under *Bivens*.

## **CONCLUSION**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his requests to proceed *in forma pauperis* are granted. The Third Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated above.[1] The Clerk of Court is directed to close this case.

The Court hereby certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

---

[1]The Clerk of Court is respectfully directed to amend the Caption as set forth on the first page of this Order.

SO ORDERED.

_____
David G. Larimer
United States District Judge

DATED: July 2, 2018
Rochester, NY